UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEXANDER X. WILLIAMS,

    Petitioner,

v.                                               CASE NO. 6:04-cv-1815-Orl-31DAB

FL ATTORNEY GENERAL, et al.,

    Respondents.

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Thereafter, Respondents filed a response to the petition for writ of habeas corpus (Doc. No. 12). Petitioner then filed a reply to the response (Doc. No. 24).

Petitioner raises the following twenty-three claims in his petition: 1) the trial court applied an incorrect standard in addressing his motion to suppress and in finding a voluntary waiver of his *Miranda* rights; 2) the trial court erred in denying his motion for a judgment of acquittal; 3) the trial court erred in denying his request for a new trial when the term "black male" was used in reference to Petitioner; 4) the trial court erred in denying his request for a twelve-person jury; 5) counsel was ineffective for failing to seek and negotiate a plea agreement; 6) counsel was ineffective for advising Petitioner to reject the plea offer set forth by the State on the day of the trial; 7) counsel was ineffective for communicating the State's plea offer in front of a co-defendant; 8) counsel was ineffective for making false representations to Petitioner and his family in order to be substituted as counsel; 9) counsel was ineffective for delaying his appearance as counsel; 10) counsel was

ineffective for failing to advise Petitioner that there were no viable defenses available; 11) counsel was ineffective for failing to sever the possession of a firearm by a convicted felon count; 12) counsel was ineffective for failing to request Petitioner's presence during sidebar conferences; 13) counsel was ineffective for failing to object to the trial court's out-of-court investigation and evaluation of evidence; 14) counsel was ineffective for admitting Petitioner's guilt at trial; 15) counsel was ineffective for arguing a defense not recognized by the law; 16) counsel was ineffective because he was inattentive at trial; 17) counsel was ineffective for failing to object to the introduction of tapes of statements Petitioner made to law enforcement officials; 18) counsel was ineffective for unilaterally waiving Petitioner's right to remain silent; 19) counsel was ineffective for failing to investigate an insanity defense; 20) counsel was ineffective for failing to investigate a defense based on coercion; 21) counsel was ineffective at sentencing; 22) counsel was ineffective for failing to subpoena medical personnel and records; and 23) there were cumulative errors on the part of counsel that constituted a basis for relief.

*Procedural History*

Petitioner and two other individuals were charged in a fourteen-count amended information with the commission of various crimes. Petitioner was charged in all counts except thirteen. A jury trial was held, with the following results: 1) the trial court granted Petitioner's motion for a judgment of acquittal as to count seven; 2) Petitioner was found guilty as charged as to counts one through three, five through six, eight through twelve, and fourteen; and 3) Petitioner was found guilty of the lesser included offense of false imprisonment with regard to count four. The trial court sentenced him to a total term of life imprisonment.

Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed

*per curiam.*

Petitioner next filed a motion for postconviction relief with the state trial court, raising eighteen claims. The trial court conducted an evidentiary hearing as to claims two and six, and, after the hearing, entered an order denying all of the claims. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam.*

***Claims One through Twenty-Two***

A.   *Section 2254(d) Precludes Relief In This Case As to Claims One through Twenty-Two*

Section 2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001),

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts. Under the `unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief

is appropriate only if that application was "objectively unreasonable." *Id*. Additionally, a determination of a factual issue made by a state court shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See id*. at 835-36; 28 U.S.C. § 2254(e)(1).

Claims one through four were raised on direct appeal and were denied by the state appellate court. Claims five through twenty-two were raised in Petitioner's motion for postconviction relief, and the trial court denied them on the merits. The state appellate court affirmed the denial. The Court finds that claims one through twenty-two must be denied under section 2254(d).

B.  *Discussion of Claims One through Twenty-Two*

   1.  *Claims One though Four*

   a.  *Claim One*

Petitioner argues that the trial judge erred in denying his motion to suppress. In particular, Petitioner contends that, because of his wounds and pain medication, he was unable to voluntarily waive his rights.

"The standard for evaluating the voluntariness of a confession is whether a person made an independent and informed choice of his own free will, possessing the capability to do so, his will not being overborne by the pressures and circumstances swirling around him." *United States v. Castaneda-Castaneda*, 729 F.2d 1360, 1362 (11th Cir. 1984) (quotation omitted) (citation omitted), *cert. denied*, 469 U.S. 1219 (1985). Here, in ruling on Petitioner's motion to suppress, the trial court specifically found that Petitioner was aware and able to comprehend the rights that were read to him; that Petitioner was able to communicate with coherence and rationality; and that Petitioner knowingly, voluntarily, and intelligently waived his rights. Under the circumstances, the trial court

4

properly denied the motion to suppress.

      *b.*    *Claim Two*

Petitioner maintains that the trial court in denying his motion for a judgment of acquittal on the robbery charges and burglary charges because they were duplicitous.

This claim is without merit. The State presented evidence that Petitioner entered separate hotel rooms and that Petitioner robbed different individuals in the separate rooms. Clearly, Petitioner committed separate offenses, and the trial court properly denied the motion for a judgment of acquittal.

      *c.*    *Claim Three*

Petitioner avers that the trial court erred in denying his request for a new trial when the term "black male" was used in reference to Petitioner.

Petitioner fails to set forth with specificity when these references were made at trial. In any event, the trial court has broad discretion to determine whether to grant a new trial. *Nicaise v. Gagnon*, 597 So. 2d 305, 306 (Fla. 4th DCA), *review denied*, 604 So. 2d 487 (Fla. 1992). Petitioner simply has failed to demonstrate how specifically he was prejudiced by this reference and the basis upon which a new trial would have been warranted. Under the circumstances, the trial court properly denied the request for a new trial.

      *d.*    *Claim Four*

Petitioner states that the trial court erred in denying his request for a twelve-person jury. However, pursuant to section 913.10, Florida Statutes, "[t]welve persons shall constitute a jury to try all capital cases, and six persons shall constitute a jury to try all other criminal cases." Since Petitioner was not tried for a capital crime, he was not entitled to a twelve-person jury.

Consequently, the trial court did not err in denying his request for a twelve-person jury.

        2.      *Claims Five through Twenty-Two*

        a.      *Governing Law*

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id*. at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

        b.      *Claim Five*

Petitioner avers that counsel was ineffective for failing to seek and negotiate a plea agreement. However, the record reveals that multiple plea offers were extended to Petitioner and rejected by him. Specifically, at the evidentiary hearing, Petitioner and his counsel testified that plea offers had been conveyed to Petitioner and that Petitioner rejected them. (Transcript of Evidentiary Hearing at 9-12, 22-26, 34-36.)

        c.      *Claim Six*

According to Petitioner, counsel was ineffective for advising Petitioner to reject the plea offer set forth by the State on the day of the trial. Petitioner states that counsel informed him that the maximum sentence he could receive was 36 years and that Petitioner should reject the plea offer for that amount. Petitioner asserts that, if he had been correctly advised of the maximum sentence

6

he could have received, he would have accepted the plea offer.

Petitioner's trial counsel testified at the evidentiary hearing that he discussed with Petitioner that he could get a life sentence if convicted. *Id*. at 27-28. However, Petitioner decided to reject the plea offer and take the risk at trial. *Id*. at 25-26, 29. Petitioner's former counsel also testified that he conveyed to Petitioner an offer made by the State for a life sentence. *Id*. at 35-36.

The trial court found the attorneys to more credible witnesses and found that Petitioner was aware that he could receive a life sentence if convicted. Certainly, this claim is without merit.

      d.     *Claim Seven*

Petitioner argues that counsel was ineffective for communicating the State's plea offer in front of a co-defendant. Petitioner speculates that, if the co-defendant had not been present, he would have instructed counsel to counter-offer for more favorable terms.

As correctly discussed by the trial judge, Petitioner merely speculates that further plea discussions between counsel and the State would have resulted in a better plea offer. In fact, Petitioner's counsel testified that State repeatedly refused to submit a better offer. *Id*. at 28.

      e.     *Claim Eight*

Petitioner asserts that counsel was ineffective for making false representations to him and his family in order to be substituted as counsel. He also claims that, had such representations not been made, he would have continued with his original trial counsel and obtained a better plea offer from the State.

This claim must be rejected. First, it is mere conjecture that his original trial counsel would have obtained a better plea offer. Second, Petitioner's trial counsel testified at the evidentiary hearing that Petitioner contacted him after Petitioner rejected the plea offer that had been presented

7

to his original counsel: "That's why I got involved in the case because he didn't want to plead guilty to 35 to 40 years." *Id*. at 28.

  *f.*  *Claim Nine*

Petitioner avers that counsel was ineffective because he delayed filing his notice of appearance. He states that the delay resulted in the lack of counsel during the critical months leading up to trial.

The only prejudice noted by Petitioner concerns the alleged failure to procure a favorable plea agreement. However, as discussed above, the State was never inclined to offer a better deal to Petitioner.

  *g.*  *Claim Ten*

Petitioner maintains that counsel failed to advise him that he had no viable defense and that he would be exposed to a life sentence if convicted.

At the evidentiary hearing, Petitioner's counsel testified that Petitioner was aware that there was only one possible defense and that it was a "long, long shot." *Id*. at 29-30. Further, as mentioned above, Petitioner's counsel discussed with Petitioner that he was facing a life sentence.

  *h.*  *Claim Eleven*

Petitioner indicates that counsel was ineffective for failing to sever the count of possession of a firearm by a convicted felon.

This claim is without merit. First, the State still could have prosecuted the possession of a firearm by a convicted felon count even if Petitioner had been successful at trial with regard to the

8

other charges.[1] *See State v. Craft*, 685 So.2d 1292, 1294 (Fla. 1996) (holding that a conviction for both carrying a concealed weapon and possession of a firearm by convicted felon, based on same underlying conduct, did not violate the Double Jeopardy Clause). Second, the record clearly establishes that the decision to have all of the offenses tried in a single trial was a strategic one on the part of counsel and that Petitioner agreed with that decision. (Transcript of Trial at 17-19.)

      *i.*    *Claim Twelve*

Petitioner argues that counsel was ineffective for failing to request Petitioner's presence during sidebar conferences.

Under Florida law, a defendant does not have a right to be present at bench conferences. *See* Fla. R. Crim. P. 3.180(a). Further, Petitioner fails to demonstrate any prejudice resulting from his failure to be present at any sidebar conferences.

      *j.*    *Claim Thirteen*

Petitioner contends that trial counsel should have objected to the trial judge's out-of-court investigation and evaluation of evidence. This claim deals with the trial judge's possession of tapes of the interviews conducted by law enforcement with Petitioner.

The taped statements were properly in the trial judge's possession because they were the subject of Petitioner's motion to suppress. The trial judge needed the tapes in order to appropriately consider Petitioner's motion. Hence, this claim was properly denied.

      *k.*    *Claim Fourteen*

Petitioner argues that counsel repeatedly admitted Petitioner's guilt to the jury. Petitioner

---

[1] In other words, a severance of the count would not have caused the State to automatically drop the other count from prosecution.

cites to several places in the trial transcript to show that counsel conceded his guilt. However, it is clear that Petitioner took the comments out-of-context and that none of counsel's comments conceded Petitioner's guilt as to any of the charged crimes. At most, counsel merely conceded that Petitioner was present at the scene of the crime and that Petitioner was shot by the police.

    *l.*        *Claims Fifteen, Nineteen, and Twenty*

Petitioner argues as follows: 1) counsel argued a defense that was not recognized by law and had no legal possibility of success (claim fifteen); 2) counsel should have presented an insanity defense (claim nineteen); and 3) counsel should have raised the defense of coercion (claim twenty).

In the present case, counsel presented the best defenses available to him, which entailed the unjustified shooting of Petitioner and the tainted evidence at the crime scene. By presenting these defenses, counsel challenged the validity of the evidence and the credibility of the testimony. Under the circumstances of this case, such defenses were reasonable, and the Court finds that claim fifteen is without merit.

As to the claims nineteen and twenty, the decision of whether to pursue a defense is a strategic decision. *See Franza v. Stinson*, 58 F. Supp. 2d 124, 155 (S.D.N.Y. 1999) (finding that "the decision whether to pursue a particular defense is a tactical choice which does not rise to [the] level of a constitutional violation."). As noted by the Eleventh Circuit Court of Appeals in *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994), *cert. denied*, 513 U.S. 1115 (1995):

> The Supreme Court has mandated a highly deferential review of counsel's conduct, especially where strategy is involved. Intensive scrutiny and second-guessing of attorney performance are not permitted. Because it is a wide range of performance that is constitutionally acceptable, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. Cases in which deliberate strategic decisions have been found to

> constitute ineffective assistance are even fewer and farther between. *This case is not one of them.*

(Citations omitted) (quotations omitted) (emphasis added).

The Court notes that there was overwhelming evidence presented by the State with regard to Petitioner's guilt. There was no evidence supporting the defenses proposed by Petitioner. Certainly, Petitioner has presented no facts that demonstrate, with any degree of certainty, that a jury would have found him innocent of the charges based on his proposed defenses of insanity or coercion. Since these defenses were, at best, only a theoretical possibility, counsel was not obligated to pursue these defenses. *Cf. United States v. Sewards*, 879 F. Supp. 502 (E.D. Pa.) (since the intoxication defense was at best only a theoretical possibility, the petitioner's attorney had been under no obligation to inform his client of it), *affirmed without opinion*, 70 F.3d 1258 (3rd Cir. 1995).

    *m.    Claim Sixteen*

Petitioner argues that counsel was inattentive at trial and that counsel was "either under the influence of drugs, medications, and/or alcohol or physically unfit."

Petitioner offers no evidence, other than his bald, unsupported assertions of his trial counsel's intoxication, which would support a claim that his trial counsel was intoxicated. Petitioner points to no specific instances where counsel's performance during trial was deficient because of alcohol or drug abuse, nor are any such apparent from the record. *See Berry v. King*, 765 F.2d 451, 454 (5th Cir.1985) (holding that "under *Strickland* the fact that an attorney used drugs is not, in and of itself, relevant to an ineffective assistance claim. The critical inquiry is whether, for whatever reason, counsel's performance was deficient and whether that deficiency prejudiced the defendant."), *cert. denied*, 476 U.S. 1164 (1986). Furthermore, Petitioner has failed to even show that counsel was

impaired during trial due to alcohol or drug abuse. Nowhere in the record does it reflect that counsel's actions were in any manner impaired during any portion of the proceedings; that counsel's representation was in any manner deficient as a result of drugs or alcohol; or that the proceedings were delayed or hindered due to counsel's actions. There is nothing to indicate that counsel suffered from any affliction at the time of Petitioner's trial or that any affliction diminished counsel's performance during trial.

Petitioner has failed to show that his counsel was impaired at trial or that any impairment caused specific errors during trial, and he has also failed to show harm because of counsel's alleged use of drugs or alcohol. Therefore, this claim is denied. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (holding that the petitioner had failed to show that his counsel was impaired at trial or that any impairment caused specific errors during trial; that he had also failed to show harm because of counsel's use of alcohol; and that, therefore, his claim of ineffective assistance of counsel because of his attorney's alcohol use was rejected).

*n.     Claim Seventeen*

Petitioner states that counsel should have objected to the admission of taped statements made by Petitioner based on the failure of the State to establish a valid chain of custody since the trial judge had taken possession of the tapes. However, as discussed with regard to claim thirteen, the taped statements were properly in the trial judge's possession because they were the subject of Petitioner's motion to suppress.

*o.     Claim Eighteen*

Petitioner contends that counsel "unilaterally waiv[ed] Petitioner's right to remain silent and suppression rights." This claim involves counsel opening the door during the cross-examination of a police officer and allowing the admission of statements that had been suppressed.

12

Petitioner has not shown prejudice with regard to this matter. There was overwhelming evidence of Petitioner's guilt presented in this case. In light of the other evidence presented demonstrating Petitioner's guilt, the introduction of the statements during the cross-examination of the police officer simply were not prejudicial under *Strickland*.

    *p.*    *Claim Twenty-One*

Petitioner argues that counsel was ineffective at sentencing because of the following: 1) counsel failed to object when the trial court interrupted Petitioner when he was making a statement in mitigation prior to sentencing; 2) counsel failed to object when the trial court considered Petitioner's prior acquittals for robbery at sentencing; and 3) counsel failed to object to the imposition of a life sentence, which was "disparate."

This claim is without merit. First, the trial judge interrupted Petitioner in order to tell him that the minimum sentence he could receive was imprisonment for a term of thirty-six years. (Transcript of Sentencing at 14-15.) The trial judge then gave Petitioner the opportunity to continue with his statement, but Petitioner refused. *Id.* at 15.

Second, as to the reference to the offenses for which Petitioner was acquitted, the trial judge specifically told Petitioner that he was not going to consider those in imposing the sentences. *Id.* at 24-25.

Finally, Petitioner fails to demonstrate that an objection based on "disparity" in the sentences between him and the co-defendants would have been fruitful. His allegations are speculative at best.

    *q.*    *Claim Twenty-Two*

Petitioner claims that counsel failed to subpoena medical personnel and records during the motion to suppress hearing in order to establish that his injuries and medication precluded him from voluntarily waiving his rights.

13

The trial judge ruled on Petitioner's motion to suppress based on the testimony presented at the hearing and the taped statements of Petitioner's interview with the police. It was uncontroverted that Petitioner was on medication during the time he issued his statements to the police. Nevertheless, the trial judge, after hearing the evidence, concluded that Petitioner knowingly and voluntarily waived his rights.

 *r.* *Conclusion*

In the present case, the Court finds that, with regard to claims five through twenty-two, trial counsel's conduct was reasonable and/or that Petitioner has not shown prejudice. Certainly, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision with regard to these claims was either "contrary to" or an "unreasonable application of" *Strickland*. Moreover, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts in light of the evidence presented. The claims must be denied pursuant to section 2254(d).

***Claim Twenty-Three***

According to Petitioner, he is entitled to relief based on the "cumulative effect" of counsel's errors. This claim was not raised with the state courts. The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[2] or (2) are not exhausted but would clearly be barred if returned to state court.[3] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be

---

[2] *Harris v. Reed*, 489 U.S. 255, 261 (1989).

[3] *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court

procedurally defaulted under state law. In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).[4]

Petitioner's claim is procedurally barred because it was not raised with the state courts. There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception;[5] the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).

In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim twenty-three is procedurally barred.[6]

---

to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment `clearly and expressly' state that its judgment rests on a procedural bar.").

[4]Also, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994), *cert. denied*, 513 U.S. 1185 (1995).

[5]*See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice.")*; see also Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (the petitioner must demonstrate cause and prejudice for failing to raise instances of ineffective assistance of counsel with the state court).

[6]Alternatively, this claim is denied on the merits as Petitioner has not shown that there was cumulative error warranting relief in this case.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Alexander X. Williams is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 14th day of November, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 11/15
Counsel of Record
Alexander X. Williams